1  ROSS LIBENSON (SBN 181912)
2  **LIBENSON LAW**
   300 Lakeside Drive, Suite 1000
3  Oakland, CA 94612
   Telephone:   (510) 451-4441
4  Facsimile:   (510) 877-3222
   E-Mail:       Ross@LibensonLaw.com
5
6  Attorneys for Plaintiff
   Aaron Lacs
7
8
9              UNITED STATES DISTRICT COURT
10           NORTHERN DISTRICT OF CALIFORNIA
11
12  AARON LACS                          Case No.
13                                      COMPLAINT and JURY DEMAND
                        Plaintiff,
14
15              v.
16  UNITED STATES OF AMERICA, a
    governmental entity, AMISHA
17  SURA, and CLINICA DE SALUD
    DEL VALLE DE SALINAS
18
19                      Defendants.
20
21      Plaintiff AARON LACS ("LACS" or "Plaintiff,") for his complaint against
22  Defendants, alleges as follows:
23                        **JURISDICTION**
24      1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b).  Additionally,
25
    this Court has jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because
26
27
28
                                1

Complaint and Jury Demand

1  all of the claims arise from a common nucleus of operative facts that are so

2
3  intertwined that they cannot be reasonably separated.

4                          **INTRADISTRICT ASSIGNMENT**

5
6      2.  This matter is a dental malpractice action and an action for concealment. A

7  substantial part of the events giving rise to the cause of the action occurred in

8
9  Monterey County, which makes San Jose the proper assignment pursuant to Civil

10 L.R. 3-2(d).

11                                  **VENUE**

12
13     3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2)

14 and 1391(e)(1) because a substantial part of the events giving rise to the claim

15
16 occurred in this judicial district, and 28 U.S.C. §1402(a) as Plaintiff LACS resides in

17 this judicial district.

18                                 **PARTIES**

19
20     4.  Plaintiff LACS, is a resident of Monterey County, State of California,

21 whose date of birth is ███████████.

22
23     5.  Defendant UNITED STATES OF AMERICA ("USA") is the federal

24 government, and is a proper defendant pursuant to 28 U.S.C. §2679(b)(1) for claims

25
26 for money damages arising from or out of a negligent or wrongful act and/or

27

28

omission of any federal employee committed within the course and scope of their employment.

6. Defendant CLINICA DE SALUD DEL VALLE DE SALINAS ("CSVS") holds itself out as, and on that basis it is alleged, a "Joint Commission on Accreditation of Healthcare Organization, and it sites are deemed Federal Tort Claims Act ("FTCA") deemed facilities." Defendant CSVS also holds itself out, and on that basis it is alleged, "is a health center program grantee under 42 U.S.C. 254(b), and deemed Public Health Service employee under 42 U.S.C. 233(g)-(n)," and subject to the FTCA, including but not limited to 28 U.S.C. 2680(h).

7. Defendant AMISHA SURA ("SURA") is, and at all times mentioned herein, a dentist licensed to practice dentistry by the State of California, holding license #103384, and was an employee of the Defendant CSVS, and Plaintiff is informed and believes, and thereon alleges Defendant SURA is deemed a Public Health Service employee under 42 U.S.C. 233(g)-(n) and subject to the FTCA, including but not limited to 28 U.S.C. 2680(h).

8. Plaintiff is informed and believes, and based thereon alleges, that in performing the acts that give rise to this Complaint each of the Defendants named herein was the agent, employee, joint-venturer, employer, partner, manager or controlling entity of the other Defendant, and in doing the things hereinafter alleged,

3

1  was acting within the course and scope of such relationship.  Plaintiff further alleges

2
3  that each of the Defendants named herein authorized, consented to and ratified all of

4  the alleged conduct, acts and omissions by the remaining Defendant with both actual

5  and constructive knowledge of said conduct.

6

7                           **ADMINISTRATIVE EXHAUSTION**

8     9.  On or about June 12, 2019, Plaintiff LACS served and presented Defendant
9
10  USA, through the appropriate federal agency, the cabinet department U.S.

11  Department of Health and Human Services ("DHHS"), with an administrative claim

12
13  pursuant to the FTCA with supporting documents.

14     10.  By letter dated July 15, 2019, (the "Acknowledgment Letter") the DHHS,

15  through its Office of the General Counsel, Claims Office, acknowledged receipt of
16
17  Plaintiff's administrative tort claim on June 17, 2019, "for consideration and reply."

18     11.  The DHHS' Acknowledgment Letter assigned Claim No. 2019-0560 to
19
20  the Administrative Tort Claim of Aaron Lacs.

21     12.  Pursuant to the request and instructions of the DHHS in its July 15, 2019,
22
23  Acknowledgment Letter, received by U.S. Mail by Plaintiff's counsel on July 19,

24  2019, additional "substantiating evidence" in the forms requested by the DHHS was
25
26  sent by Federal Express to the DHHS on July 31, 2019, and received by the DHHS

27  on August 1, 2019.

28

                                        4

13.  Since that time, or more than six (6) months, the DHHS has failed to make a final disposition of the Administrative Tort Claim of Aaron Lacs, or provide any further response or communication whatsoever, and pursuant to 28 U.S.C. § 2675(a), is now "deemed a final denial of the claim for purposes of," the FTCA's exhaustion requirement.

**COMPLIANCE WITH CALIFORNIA CODE OF CIVIL PROCEDURE §364**

14.  On May 23, 2019, Defendant SURA was served by mail sent to her personal counsel, Elizabeth Leitzinger, Esq., of the Fenton & Keller law firm in Monterey, California, Plaintiff Lacs' Notice of Intent to Commence Action Against Health Care Provider For Professional Negligence pursuant to California Code of Civil Procedure §364.

15.   On May 23, 2019, Defendant CSVS was served by mail sent to its personal counsel, Elizabeth Leitzinger, Esq., of the Fenton & Keller law firm in Monterey, California, Plaintiff Lacs' Notice of Intent to Commence Action Against Health Care Provider For Professional Negligence pursuant to California Code of Civil Procedure §364.

16.  Attorney Leitzinger in writing acknowledged receipt of the respective notices pursuant to California Code of Civil Procedure §364 on or about June 6,

2019, and identified the DHHS as the appropriate federal agency for presentation of the Administrative Tort Claim of Aaron Lacs.

## BACKGROUND FACTS

17. Plaintiff incorporates by reference Paragraphs 1 through 17 of the Complaint as if set forth in full herein.

18. On or about April 4, 2019, Plaintiff LACS presented himself to Defendants SURA, CSVS and Does 1-10 for the extraction of his lower left third molar, commonly referred to as a wisdom tooth (tooth #17.)

19. As a result a physician-patient relationship, which is a fiduciary relationship, was established between Plaintiff LACS and Defendants SURA, CSVS and Does 1-10.

20. During the extraction Plaintiff LACS was under the care and control of Defendant SURA.

21. During the extraction Defendant SURA used a dental drill with a dental bur both solely within her control and permitted and caused the 2.5 cm to 3.0 cm dental bur to be lost and ingested by Plaintiff LACS contrary to what any reasonable and careful dentist would do.

22. Plaintiff LACS made no voluntary actions to cause or contribute to the ingestion of the dental bur.

6

23. At or about that time, Plaintiff LACS started to choke, and Defendant SURA told Plaintiff LACS to cough on to the paper bib which had been placed on his chest prior to the operation, immediately after which Defendant SURA examined the bib but did not locate the dental bur.

24. Defendant SURA in an effort to conceal her negligence failed to inform Plaintiff LACS at that time she had lost the dental bur from the dental drill which she had been using inside his oral cavity and near his esophagus.

25. Defendant SURA contrary to what any reasonable and careful dentist would do neither informed Plaintiff LACS that she had lost the dental bur nor expressed any urgency to him that a metal dental bur was now inside his digestive tract.

26. Defendant SURA then left the operating room, upon information and belief and thereon alleged, to conduct a procedure on another patient leaving Plaintiff LACS to sit in the dental chair for approximately thirty (30) to forty (40) minutes.

27. When Defendant SURA returned to Plaintiff LACS still sitting in the dental chair in the operating room, and in an effort to continue to conceal her negligence from Plaintiff LACS, Defendant SURA again failed to inform Plaintiff

7

1   LACS that she had permitted and caused him to ingest the dental bur from the dental

2   drill which was solely within her control.

3

4   28. Rather, at the time, Defendant SURA continued with her attempt to

5   complete the extraction of the wisdom tooth (tooth #17)[1].

6

7   29. After concluding she had completed the extraction of the wisdom tooth

8   (tooth #17), Defendant SURA, in another attempt to conceal her negligence, told

9
10  Plaintiff LACS words or words to the effect that he had ingested a piece of tooth and

11  it would more likely than not "pass through" him.

12
13  30. It was at that time, without communicating any urgency to Plaintiff

14  LACS, that Defendant SURA suggested he go to the hospital to get an x-ray with

15  words or words to the effect of "just to make sure it is ok."
16

17  31. As a result of Defendant SURA concealing her negligence, Plaintiff

18  LACS drove himself to the hospital after leaving Defendant CSVS's dental clinic.
19

20  32. Arriving at the hospital, Plaintiff LACS still was under the impression he

21  had only swallowed a piece of the extracted tooth #17, and was referred to the

22
23  radiology department.

24      [1]In or around Thanksgiving 2019, Plaintiff LACS felt a protrusion at the site of
25  the attempted extraction. On or about December 9, 2019, he went to a dentist and it
    was determined that Defendant SURA had failed to extract a root of tooth #17
26  contrary what any reasonable and careful dentist would do. This more recently
    discovered injury caused by Defendants SURA's and CSVS's treatment and care on
27  April 4, 2019, is the subject of a separate FTCA Notice of Claim on a Standard Form
    95 which as of the date of the filing of this Complaint has neither been
28  acknowledged nor denied by the DHHS.

8

33. Subsequently, Plaintiff LACS was given an x-ray examination which determined, contrary to what Defendants SURA and CSVS had told him, that he had ingested a linear metallic object, which was, in fact, the dental bur and the radiology department referred him to the emergency department.

34. As a result of Defendants SURA and CSVS not being truthful to Plaintiff LACS, the dental bur was permitted, more likely than not, to travel further through his digestive tract than it would have had he been immediately and honestly informed that the dental bur had been lost and swallowed.

35. As a direct and proximate result of the negligence and subsequent concealment by Defendants SURA and CSVS, the dental bur ultimately migrated to Plaintiff LACS' 4th portion of his small intestine with risk of small bowel laceration or perforation, and therefore, after an initial attempt at endoscopic removal was unsuccessful in reaching the dental bur in the emergency department, Plaintiff LACS underwent monitored anesthesia in the operating room and the drill bit was removed with a rat tooth forcep placed by an extended endoscope.

## FIRST CAUSE OF ACTION

(Dental Malpractice Against Defendants USA, SURA, and CSVS)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 of this Complaint as if set forth in full herein

9

37.  Pursuant to Plaintiff LACS' employment of Defendants USA, SURA and CSVS to diagnose, treat and care for his dental condition and do all things necessary for the care and treatment of him, Defendants rendered professional dental services in the treatment and care of Plaintiff LACS, and thereby, owed him a duty to act reasonably and carefully in treating him.

38.  Defendants USA, SURA and CSVS negligently failed to act reasonably and carefully in treating him, including but not limited to permitting a dental bur to be dropped into his digestive tract, failing to keep track of all dental instruments placed inside the oral cavity, failing to remove the entirety of the root of tooth #17 and failing to timely inform him that he had swallowed a dental bur which was in the sole control of the Defendants.

39.  As a direct and proximate result of the negligence of the Defendants, Plaintiff LACS has sustained injuries, damages and losses, to the extent presently known, as follows: past and future medical, dental and related expenses; past and future pain, suffering, anxiety and emotional distress; and impairment of enjoyment of life.

WHEREFORE, Plaintiff LACS prays for judgment against the Defendants as set forth below.

///

10

**SECOND CAUSE OF ACTION**

(Concealment Against Defendants SURA and CSVS)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 -39 of this Complaint as if set forth in full herein.

41. On April 4, 2019, Defendants SURA and CSVS falsely represented to Plaintiff LACS the important fact that he has swallowed a piece of tooth #17, and not that Plaintiff LACS had swallowed the dental bur that Defendants had lost while operating inside his oral cavity.

42. In fact, Defendants SURA and CSVS knew that they had lost their dental instrument and Plaintiff LACS had swallowed it.

43. Defendants SURA and CSVS intentionally failed to disclose an important fact or facts known to them and which Plaintiff LACS could not have discovered.

44. Defendants SURA and CSVS also disclosed some facts to Plaintiff LACS but intentionally failed to disclose other important facts, including but not limited to, the urgency to have the dental bur removed from his digestive tract to not only stop its migration through his stomach but also to make retrieval less difficult making the disclosure that it was piece of tooth deceptive.

11

45.  Defendants SURA and CSVS were fiduciaries and in a position of care and trust of Plaintiff LACS and intentionally failed to disclose important facts to Plaintiff LACS.

46.  Plaintiff LACS did not know of the concealed facts.

47.  Defendants SURA and CSVS intended to deceive Plaintiff LACS by intentionally concealing fact or facts.

48.  Plaintiff LACS reasonably relied on Defendants SURA's and CSVS's deception or deceptions.

49.  As a direct and proximate cause of Defendants SURA's and CSVS's conduct Plaintiff LACS has sustained damages in an amount to be proved at trial.

WHEREFORE, Plaintiff LACS prays for judgment against the Defendants as set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for relief against the Defendants, and each of them, as follows:

1.  For economic damages, including but not limited to, past and future medical, dental and related expenses and any other special damages in an amount according to proof at trial, but no less than $250,000;

2.  For past and future non-economic damages, including but not limited to, emotional distress, pain and suffering, anxiety, impairment of enjoyment of life and

12

all other general damages as allowed by law in an amount according to proof at trial,

but no less than $250,000;

3. For costs as permitted by law; and

4. Such further relief which the court deems just and reasonable.

DATED: March 23, 2020                    LIBENSON LAW


By: _____


ROSS L. LIBENSON
Attorneys for Plaintiff AARON LACS


## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6(a),

Plaintiff LACS hereby demands a trial by jury on the cause(s) of action for which a

jury is permitted.

DATED: March 23, 2020                    LIBENSON LAW


By: _____


ROSS L. LIBENSON
Attorneys for Plaintiff AARON LACS

13